UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | Civil Action No. 08-cv-668 (SDW-MCA) |
| Plaintiff, | **OPINION** |
| v. | |
| THE ESTATE OF AUSTIN BLEICH AND CANDICE EDELBAUM BLEICH, | November 6, 2008 |
| Defendants. | |

**WIGENTON**, District Judge.

Defendants Estate of Austin Bleich ("Decedent") and Candice Edelbaum Bleich ("Edelbaum") (collectively "Defendants") have filed a motion to dismiss and/or transfer pursuant to 28 U.S.C. 1404(a) and 1406(a). Defendants argue that Plaintiff Allianz's ("Allianz") choice of forum in the District of New Jersey has only a "slight connection" to its claims and the facts supporting them and therefore should be transferred to the United States District Court for the Southern District of New York, where Edelbaum has filed a civil action bearing docket number 08-CV-2505 (the "SDNY action"), which involves the same facts and circumstances as this case. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. Having carefully considered the arguments of the parties and for the reasons stated below, the Motion is denied and the case shall proceed in this Court pending transfer or dismissal of the SDNY action.

**I. Jurisdiction and Venue**

This Court has Jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and because the amount in controversy exceeds

$75,000. As discussed below, venue is also proper in this Court pursuant to 28 U.S.C. § 1391.

## II. Factual and Procedural Background

Allianz filed the current action against Defendants on February 5, 2008 seeking, *inter alia*, that a $1.3 million life insurance policy (the "Policy") issued to Decedent in 2005 be declared null and void as a result of material misrepresentations and misstatements by Decedent when he applied for the Policy. Decedent executed Part I of the application for the Policy at issue on September 30, 2005 and listed his residence as Tenafly, NJ. On October 17, 2005, Decedent underwent a paramedical examination and executed Part II of his application at a location in Ridgewood, NJ. A New Jersey-licensed insurance broker with offices in Monsey, New York delivered the Policy to Decedent in New Jersey on November 22, 2005. The Policy was issued pursuant to New Jersey law and included a disclaimer explaining that Allianz was a member of the New Jersey Life and Health Insurance Guaranty Association.

Austin Bleich died on September 21, 2007. On October 7, 2007, Defendant Edelbaum executed a claim form to collect as a beneficiary under the Policy on which she listed her residence as Tenafly, NJ. In an affidavit submitted with the current motion, Edelbaum states that she now lives in Manhattan and intends to remain there. She also admits to owning a home in Tenafly, NJ since May, 2005 and spending "some time" there.

In a letter to Edelbaum dated January 31, 2008, Allianz formally declared rescission of the Policy based on the Decedent's alleged misrepresentations, refunded the premiums paid, and advised Edelbaum that it had retained counsel to file a civil action in

New Jersey. The letter also explained that the action would be dismissed if Edelbaum accepted the rescission. Allianz filed this action on February 5, 2008, but did not immediately serve it, purportedly to allow time for Edelbaum to consider the rescission offer.

On March 12, 2008, attorneys for Allianz sent a letter to an attorney they believed to represent Decedent's Estate and enclosed a copy of the Complaint. On that same day, Edelbaum filed a complaint against Allianz in the United States District Court for the Southern District of New York. The complaint alleges that Allianz breached its contract with Decedent by failing to honor the terms of the Policy. Both Edelbaum and her counsel in the SDNY action state they were unaware of the action brought by Allianz in New Jersey at the time they filed in New York. Thereafter, counsel for Allianz contacted counsel for Edelbaum requesting that the New York case be voluntarily dismissed. When Edelbaum failed to do so, Allianz filed a motion to dismiss or transfer the SDNY action on May 20, 2008. That motion remains pending. Defendants filed the instant motion on July 22, 2008.

### III. Discussion

#### A. Venue

In a civil action based on diversity of citizenship, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(a)(2). Under § 1391, "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a 'claim arose.'" *Cottman Transmission Sys., Inc. v. Martino* 36

F.3d 291, 294 (3d Cir. 1994) (analyzing 1990 amendments to 28 U.S.C § 1391); *see also Intertran Corp. v. Railquip, Inc.* No. Civil No. 1:CV-08-0684, 2008 WL 3981493, at *6 (M.D. Pa. Aug. 22, 2008) (finding venue was improper because the actions that gave rise to plaintiff's complaint occurred outside of the district).  Determining whether a substantial part of the events that give rise to a claim occurred in a given venue, it is necessary to examine the nature of the dispute. *See Kichler v. Wieland Intern.*, No. 3:07-118J, 2007 WL 4150935, at *4 (W.D. Pa. Nov. 19, 2007) (citing *Cottman*, 36 F.3d at 294).  In this case, Allianz seeks rescission of the Policy because, as its Complaint alleges, Decedent made material misstatements of fact when he completed and executed Parts I and II of the application for the Policy.  On both portions of the application, Decedent listed his address as Tenafly, NJ.  The paramedical examination of Decedent, which was part of the application process, also took place in New Jersey.  The policy was delivered in New Jersey, and Edelbaum listed her address as Tenafly, NJ when she filed a claim as a beneficiary under the Policy in October, 2007.  Hence, it is clear that the location of the events or omissions giving rise to the claims in this case have a substantial connection to New Jersey.  Venue is therefore proper in this Court.  *See Cottman*, 36 F.3d at 294.  Defendants' claim that "[t]he only connection this matter has to the State of New Jersey is that the policy was delivered in New Jersey" is completely without merit.

It is true that the "substantial" requirement in §1391 (a)(2) "is intended to preserve the element of fairness so that a defendant is not haled into a remote district." *Id*.  However, the District Court in Newark is certainly not "remote" from the Southern District of New York.  In fact, the courthouse for the Southern District is less than 12 miles from the United States Courthouse in Newark (approximately 30 minutes by car).

### B. First-To-File Rule

Succinctly stated, the first-to-file rule (also known as the first-filed rule) is that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941); *EEOC v. Univ. of Pa.* 850 F.2d 969, 971 (3d Cir. 1988). The first-to-file rule is a "policy of comity" which "counsel[s] trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts." *EEOC*, 850 F.2d at 971 (internal quotation marks omitted). The need for such a rule is obvious. As the Third Circuit has explained:

> The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice.

*Crosley*, 122 F.2d at 930. Consistent with these principles, the first-to-file rule gives courts the power to stay, enjoin, or transfer a later-filed case. *See Keating Fibre Intern., Inc. v. Weyerhaeuser Co.,* 416 F. Supp. 2d 1048, 1052–1053 (E.D. Pa. 2006).

Here, both this Court and the Southern District of New York appear to have concurrent jurisdiction over an almost identical case. This is exactly the situation the first-to-file rule was created to avoid. It is not disputed that the two pending cases are based on the same subject matter, *i.e.*, the rescission of the Policy, and involve the same parties. Also, there is no dispute that the case brought by Allianz in this Court was the first to be filed. Hence, the first-to-file rule dictates the transfer of the SDNY action to this Court.

However, this Court is mindful that the first-to-file rule "is not to be applied in a mechanical way regardless of other considerations." *Hammett v. Warner Bros. Pictures* 176 F.2d 145, 150 (3d Cir. 1949); *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* 189 F.2d 31, 34–35 (3d Cir. 1951). There are certain exceptions to the first-to-file rule that might prompt the court where the second-filed action was brought to retain jurisdiction. These include instances of bad faith, forum shopping, where the second-filed action has developed further than the first-filed action, and where "the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *EEOC,* 850 F.2d at 972, 976 (collecting cases). None of these exceptions apply here, and Defendants have not argued that they do.

Defendants suggest that because they were not served with the complaint in this case before they filed the SDNY action, it is improper to apply the first-to-file rule. We disagree. Service is not required in order for the first-to-file rule to take effect. The filing of the Complaint, and not service, is the operative trigger for the first-to-file rule. Hence, it is not called the "first-to-file-*and-serve*" rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc*. 678 F.2d 93, 96 n.3 (9th Cir. 1982) ("A federal action is commenced by the filing of the complaint, not by service of process. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity.") (internal citation omitted); *Collegenet, Inc. v. Applyyourself, Inc.*, No. CV-02-484-HU, 2002 WL 33962845, at *3 (D. Or. July 26, 2002) (noting "the first to file rule means the first to be filed, not the first to be served"); *accord McJunkin Corp. v. Cardinal Sys., Inc.,* 190 F. Supp. 2d 874, 876 (S.D.W.Va. 2002); *Best Western Intern., Inc. v. Patel*, No. CIV 07-00807, 2008 WL 608382, at *4 (D. Ariz., March 3, 2008). Although it might arguably be

6

inequitable to rigidly apply the first-to-file rule in a situation where the party filing the second-in-time action was not served and had no notice that a duplicative action was filed (or was about to be filed), such is not the case here. Although Edelbaum claims that she was unaware of the complaint filed in this Court, Allianz's January, 2008 letter to her declaring rescission of the policy clearly indicated a lawsuit was being filed in New Jersey. Therefore, under the circumstances of this case, the first-to-file rule applies and warrants that the SDNY action be dismissed or transferred to this Court.[1]

### C. Transfer Pursuant to 28 U.S.C. § 1404

The first-to-file rule notwithstanding, an analysis under 28 U.S.C. § 1404 leads to the inescapable conclusion that Defendants have failed to meet their burden to establish why a transfer is warranted.

Because, as addressed above, venue is proper in this Court, we apply 28 U.S.C. § 1404, not § 1406. *See Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (noting that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum") (citing *Jumara,* 55 F.3d at 878). In contrast, § 1406, which permits transfer or dismissal, is only considered when plaintiff's choice of forum is improper. *Id.*; *see also Siegel, et al. v. Homestore, Inc., et al.*, 255 F. Supp. 2d 451, 455 (E.D. Pa. 2003) ("Section 1404(a) thus provides for the transfer of a case where both the original and the requested venue are proper, whereas Section 1406 applies where the

---

[1] Defendants also argue that the first to file rule is irrelevant to this Court's determination of the motion because Allianz has not moved to enjoin the Southern District of New York from proceeding with the later-filed action. This argument is without merit. Allianz filed a motion to dismiss the SDNY action or transfer it to this Court on May 20, 2008. A motion to enjoin the SDNY action is not necessary because the practical result of a denial of Defendants' motion here is that this Court will retain jurisdiction and the SDNY action will be dismissed or transferred.

original venue is improper and allows for either transfer or dismissal of the case.") (citing *Jumara*, 55 F.3d at 878).[2]

The burden to demonstrate the need to transfer rests with the movant. *Jumara,* 55 F.3d at 879. In considering a motion to transfer, the "plaintiffs choice of venue should not be lightly disturbed." *Id*. However, it is not a controlling factor or the only fact to be considered. *See, e.g., Kendricks v. Hertz Corp.*, Civ. No. 2005-0164, 2008 WL 3914135, slip op. at *3–4 (D.C.V.I. Aug. 18, 2008) (collecting cases). Defendants are correct that a plaintiff's choice of forum is entitled to less deference if the chosen forum is not its home forum, which is the situation here. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 459 U.S. 422, 127 S. Ct. 1184, 1191 (2007). Similarly, Defendants are correct that "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." *Cameli v. WNEP-16 The News Station,* 134 F.Supp.2d 403, 405 (E.D. Pa. 2001). It is clear that the operative facts giving rise to the Plaintiff's claims took place in New Jersey. Even though Plaintiff's choice of forum is given less deference because no party currently resides in New Jersey, Defendants have failed to meet their burden to establish why transfer to the Southern District of New York is warranted.

In determining whether transfer under § 1404(a) is proper, courts should consider a variety of private and public interests. *Jumara* 55 F.3d at 879. The private interests include:

> (1) "whether the claim arose elsewhere"; (2) "the convenience of the parties as indicated by their relative physical and

---

[2] Even under 28 U.S.C. § 1406, transfer, not dismissal, is the preferred method of disposing of a case filed in an improper venue. *See Lafferty*, 495 F.3d at 76–79 & n.8 (discussing the similarities between § 1404(a) and § 1406(a) and noting that both statutes permit transfer, rather than dismissal even where an action is filed in the improper venue).

8

> financial condition"; (3) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (4) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."

*Id.* (*citing* 15 Wright, Miller & Cooper § 3848 and 1A Pt. 2 Moore's ¶ 0.345[5]) (internal citations omitted). The public interests to be considered include:

> (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (5) "the familiarity of the trial judge with the applicable state law in diversity cases."

*Id.* at 879–880 (internal citations omitted). In a contract dispute, courts consider several specific factors that relate to where the claim arose, "including (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged breach occurred." *Prudential Ins. Co. v. Figueredo*, Civ. No. 06-0693, 2007 WL 2752093, at *3 (D.N.J. Sept. 20, 2007) (quoting *Kirkpatrick v. The Rays Group*, 71 F.Supp.2d 204, 212 (W.D.N.Y.1999)) (internal quotations omitted); *See Whipstock Natural Gas Services, LLC v. Trans Energy, Inc.,* No. 02:08cv1084, 2008 WL 4287158, at *3 (W.D. Pa. September 17, 2008 (citing *Cottman*, 36 F.3d at 295).

      Each of the private interest factors, including those applying to a contract dispute, weigh in favor of this Court retaining jurisdiction over the current case and for the transfer of the SDNY action to this Court. First, as addressed above, the facts that give rise to Plaintiff's claims took place in New Jersey. The alleged misrepresentations by the Decedent were made on Parts I and II of his application for the Policy, both of which were executed in New Jersey. The Policy was then delivered in New Jersey pursuant to New Jersey law. In addition, Edelbaum listed New Jersey as her state of residence on her

application for benefits under the Policy following Decedent's death. These facts are more than sufficient to establish that Plaintiff's claim arose in New Jersey.

Defendants argue that because an insurance broker in New York assisted Decedent in securing the Policy, New York is the proper venue. In fact, other than discussing the Policy with Decedent over the phone and ultimately submitting the Policy to Allianz on behalf of Decedent, it does not appear the broker had much involvement in the application process. (*see* Webb aff. ¶¶ 1, 3–4.) There is no evidence that the broker "negotiated" the Policy in New York. It is clear, however, that it was executed and delivered in New Jersey. Given Defendants repeated reference to their New Jersey residence in the documents they submitted to Allianz, it is also likely that the Policy would have been performed in New Jersey.

Defendants also argue that because Plaintiffs will likely rely on records from the New York hospital where Decedent died as well as testimony and records from two New York-based Physicians who treated Decedent subsequent to the issuance of the Policy, New York is the proper venue and the case should be transferred. Although Decedent's medical treatment in New York certainly impacts Plaintiff's claims, this is not sufficient to establish that Plaintiff's claims arose in New York.

Regarding the remaining private interest factors, requiring Defendants to litigate their claims in this Court subjects them to only a minute inconvenience, if any. Nor do Defendants claim that their physical or financial condition will make the 12-mile commute to the courthouse in Newark inconvenient in any way. Also, Defendants do not claim that the witnesses will be unavailable for trial due to their need to cross the Hudson River to appear. Finally, there is no suggestion that the relevant medical and other files

cannot be produced in New Jersey or that it would be unduly burdensome to do so. Thus, the private factors do not support Defendants' motion to transfer.

A review of the public factors suggests that they also counsel against transfer. There is no suggestion that there will be any issue enforcing this Court's judgment regardless of where Edelbaum resides. Similarly, any differences in the expenditure of time and money involved with litigating the case in this Court instead of the Southern District are negligible. Also, the Policy appears to have been issued pursuant to New Jersey law, a fact that bears on the local interest in deciding the matter as well as New Jersey's public policy regarding the interpretation of life insurance policies. These factors, in addition to this Court's better familiarity with New Jersey law, weigh in favor of denying Defendants' motion to transfer.

Because Defendants have failed to meet their burden to establish why transfer pursuant to 28 U.S.C. § 1404 is warranted, and in consideration of the applicability of the first-to-file rule, Defendants' motion is denied.

SO ORDERED.

s/ Susan D. Wigenton, U.S.D.J.

cc: Hon. Madeline Cox Arleo, U.S.M.J.
    Hon. George B. Daniels, U.S.D.J., S.D.N.Y